UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** *as Broadcast Licensee of the September 14, 2013 The One Floyd Mayweather, Jr., v. Saul Alvarez, WBC Light Middleweight Championship Fight Program,* <br><br> *Plaintiff,* <br> v. <br><br> **LAVA ENTERTAINMENT GROUP LLC,** *individually, and doing business as Black Pearl Dance Club also known as Black Pearl;* **DAVID ACOSTA,** *individually, and doing business as Black Pearl Dance Club also known as Black Pearl also known as David A Acosta;* **Luz EUGENIO GAONA,** *individually, and doing business as Black Pearl Dance Club also known as Black Pearl,* <br><br> *Defendants.* | § § § § § § § § § § § § § § § § § § § § § § | EP-16-CV-00294-DCG |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Plaintiff J&J Sports Productions, Inc.'s ("Plaintiff") "Motion for Substitute Service" (ECF No. 10) ("Motion") filed on January 3, 2017. Therein, Plaintiff asks the Court to authorize substitute service, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106, on Defendant David Acosta ("Acosta"). For the reasons the follow, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion.

### I. APPLICABLE LAW

Federal Rule of Civil Procedure 4(e)(1) provides, in pertinent part, for service of process on a defendant residing within a judicial district by "following state law for serving a summons

in an action brought in courts of general jurisdiction in the state where the district court is located," as here, Texas. Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 authorizes service (1) by personal delivery or (2) by registered or certified mail, return receipt requested. Tex. R. Civ. P. 106(a)(1)–(2).

Texas law prefers personal service over substitute service, because of its greater reliability. *ELPMAX TCD, Corp. v. Kadow*, No. 16-CV-00106, 2016 WL 5720858, at *1 (W.D. Tex. Sept. 30, 2016) (citing *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin 2009, no pet.) and *In re E.R.*, 385 S.W.3d 552, 564 (Tex. 2012)). Only after service by one of the two methods provided in Rule 106(a) fails, may a court authorize, upon a motion supported by proper affidavit, substitute service by leaving a copy of the service documents with anyone over sixteen years of age or in any other manner deemed to be reasonably effective to give the defendant notice. Tex. R. Civ. P. 106(b)(1)–(2); *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993); *Wilson v. Dunn*, 800 S.W.2d 833, 834 (Tex. 1990). The affidavit must:

> stat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

Tex. R. Civ. P. 106(b). The supporting affidavit must strictly comply with the requirements of Rule 106(b). *ELPMAX TCD, Corp.*, 2016 WL 5720858, at *1 (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) and *Amato v. Hernandez*, 981 S.W.2d 947, 949 (Tex. App.—Houston [1st Dist.] 1998, no pet.).

## II. DISCUSSION

Plaintiff states that several attempts were made to serve Acosta by personal delivery at Defendant's usual place of abode or the place where the defendant could be found, but those

attempts were not successful. *See* Mot. at 2. In support, Plaintiff has provided affidavits from two process servers. According to the affidavits, two attempts were made to serve Acosta by personal delivery at 1300 Calle Lago, El Paso, Texas 79912—an address listed in Plaintiff's Complaint—but have not been successful. *Id.*, Ex. A (Carolina Meza Aff.). In addition, multiple attempts to serve Acosta by personal delivery at his work addresses—namely, 6006 N. Mesa, Suite 110, El Paso, Texas 79912 ("Mesa Address") and 9000 W. Sunset Blvd., # 1000, West Hollywood, CA 90069 ("Sunset Blvd Address")—also have not been successful. *Id.*, Exs. A, B. The affidavits further indicate that Acosta typically is not found in El Paso, but works mostly out of his office at the Sunset Blvd Address. *Id.*, Exs. A, B.

Consequently, Plaintiff seeks authorization to serve Acosta:

> by delivering a true copy of the (1) Summons; (2) Plaintiff's Original Complaint; and (3) Plaintiff's Disclosure Statement and Certificate of Interested Persons to anyone over eighteen years of age at 9000 W. Sunset Blvd., # 1000, West Hollywood, CA 90069 **OR** at 6006 N. Mesa, Suite 110, El Paso, Texas 79912; or securely attaching a true and correct copy of the (1) Summons; (2) Plaintiff's Original Complaint; and (3) Plaintiff's Disclosure Statement and Certificate of Interested Persons, to the front door at 9000 W. Sunset Blvd., # 1000, West Hollywood, CA 90069 **OR** at 6006 N. Mesa, Suite 110, El Paso, Texas 79912.

Mot. at 3 (boldface and underline emphasis in original). Plaintiff avers that such service is reasonably effective to give Acosta notice of the suit. *Id.*

The Court is satisfied that the affidavits meet the requirements of Rule 106(b) and finds that substitute service should be authorized. However, the Court will modify the requested methods of substitute service as delineated in the orders below.

### III. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

**IT IS HEREBY ORDERED** that Plaintiff J&J Sports Productions, Inc.'s "Motion for Substitute Service" (ECF No. 10) is **GRANTED IN PART** and **DENIED**

IN PART. The Motion is **GRANTED** as to Plaintiff's request for authorization for substitute service, and **DENIED** as to Plaintiff's request for the precise methods of substitute service.

**IT IS FURTHER ORDERED** that Plaintiff may serve Defendant David Acosta by delivering a true copy of the (1) Summons; (2) Plaintiff's Original Complaint; (3) Plaintiff's Disclosure Statement and Certificate of Interested Persons; and (4) this Order to anyone over eighteen years of age at 9000 W. Sunset Blvd., # 1000, West Hollywood, CA 90069.

**IT IS FURTHER ORDERED** that if an attempt to serve by the above-mentioned method fails, Plaintiff may serve Defendant David Acosta by delivering a true copy of the (1) Summons; (2) Plaintiff's Original Complaint; (3) Plaintiff's Disclosure Statement and Certificate of Interested Persons; and (4) this Order to anyone over eighteen years of age at 6006 N. Mesa, Suite 110, El Paso, Texas 79912.

**IT IS FURTHER ORDERED** that if an attempt to serve by **each** of the above-mentioned methods fails, Plaintiff may serve Defendant David Acosta by securely attaching a true copy of the (1) Summons; (2) Plaintiff's Original Complaint; (3) Plaintiff's Disclosure Statement and Certificate of Interested Persons; and (4) this Order to the front door at 9000 W. Sunset Blvd., # 1000, West Hollywood, CA 90069, **and** to the front door at 6006 N. Mesa, Suite 110, El Paso, Texas 79912.

So ORDERED and SIGNED this 1st day of March 2017.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE